IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-257-ECM-JTA-7 |
| | ) | (WO) |
| AUTUMN RIVERS | ) | |

## ORDER ON ARRAIGNMENT

On June 17, 2025, the defendant, Autumn Rivers, appeared in person and in open court with counsel, Alexandra Sallas, and was arraigned in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.** The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the pretrial conference and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.** The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants. However, in difficult or complex cases defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative only and is not binding on the United States Probation Office, the parties or the court. The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests a matter of routine. A request for Sentencing Guideline calculation assistance shall be made to the United States Probation Office not later than **10 days** from the date of this order.

**PRETRIAL CONFERENCE.** An initial pretrial conference is hereby set for **August 6, 2025, at 1:00 p.m., via telephone conference**. **Not later than three (3) days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this order.** Counsel who want in-custody defendants to attend must notify the Magistrate Judge within three days of the conference date so that an order to produce can be issued to the United States Marshal.

At the pretrial conference defense counsel and counsel for the government shall be fully prepared to discuss all pending motions, the status of discovery, possible stipulations,

and the estimated length of the trial. The defense counsel and counsel for the government shall be fully prepared to provide a definite commitment as to the final disposition of this case - by trial, plea or other non-trial disposition. If resolution of a dispositive motion will affect the nature of this commitment, counsel must be fully prepared to discuss this type of resolution. If the case is for plea, the notice of intent to enter a plea should be filed at the time of the pretrial conference. If counsel require additional time for plea negotiations, counsel should be prepared to inform the court about the date when those negotiations will be completed.

**TRIAL.** This case is set for trial before **Chief United States District Judge Emily C. Marks** on the trial term beginning on **November 17, 2025, at 10:00 a.m.**, **in Montgomery, Alabama**, unless otherwise ordered by the court.

In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the nature of this case, the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the court finds that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial. Any requested voir dire questions and jury instructions must be filed no later than **two weeks before jury selection**.

**PRETRIAL MOTIONS.** All pretrial motions under Fed. R. Crim. P. 12(b) and (d), 14 and 16, all notices under Fed. R. Crim. P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to **M.D. Ala. LCrR 16.1 Criminal Discovery** (a copy of this Rule may be found at http://www.almd.uscourts.gov/forms/almd-local-rules) must be filed no later than **TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, except that if the pretrial conference falls on Monday, the deadline for filing pretrial motions is always the preceding Wednesday.** No motion filed after this date will be considered unless filed with leave of court. Unless otherwise ordered by the court, the continuance of the trial of a case will not extend the time for filing pretrial motions. **THE CONFERENCING REQUIREMENT SET FORTH IN M.D. Ala. LCrR 16.1(c) CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL NOT GRANT MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented.". Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.** See generally United States v. Richardson, 764 F.2d 1514,1526-27 (11th Cir. 1985).

**DISCOVERY.** All discovery in this action shall be conducted according to the requirements of **M.D. Ala. LCrR 16.1 Criminal Discovery**. Unless the government provided initial disclosures to defendant prior to or at arraignment, the government is **ORDERED** to tender initial disclosures to the defendant on or before June 17, 2025. Disclosures by the defendant, as required by **M.D. Ala. LCrR 16.1(a)(4)** shall be provided on or before June 24, 2025.

**JENCKS ACT STATEMENTS.** The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[1]

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are **ORDERED** to appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

DONE this 18th day of June, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] In certain complex cases, the government may agree to earlier production.